HHW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

FEB 2 1 2008 *aew*
2-21-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FABIO CARANI,

    Petitioner

-vs-

UNITED STATES OF AMERICA,

    Respondent

Civil No. 07-C-7040
Crim. No. 05-CR-150
Judge Grady

**PETITIONER'S REPLY TO THE UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

    Comes now the Petitioner, Fabio Carani, pro se, and respectfully submits his reply to the United States' response in opposition to Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Due to the following reasons and law, along with those previously presented, the Court should find the government's position not grounded in either fact or law, and grant Mr. Fabio the relief he is entitled.

**FACTUAL AND PROCEDURAL BACKGROUND**

    Mr. Carani respectfully reasserts the "Statement of the Case," and the "Statement of the Facts" previously submitted in his § 2255 Memorandum. [Mem. at 3-19].

## LEGAL STANDARDS

The government is correct that where "the basis of the Section 2255 petition is ineffective assistance of counsel, there is a two-part test, from Strickland v. Washington, 466 U.S. 668 (1984)." [Gov.'s Res. at 3]. That is the case here. As such, Mr. Carani must demonstrate, by a preponderance of the evidence, that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Gallo-Vasquez v. United States, 402 F.3d 793, 798 (7th Cir. 2005).

Moreover, the government is also correct that "the petition must be accompanied by a detailed and specific affidavit." [Gov.'s Res. at 3, quoting Kafo v. United States, 467 F.3d 1063, 1067 (7th Cir. 2006)]. Critically, however, the government is completely wrong in its assertion that "defendant has not submitted an affidavit." [Gov.'s Res. at 4]. Rather, mr. Carani submitted a detailed and specific affidavit with his § 2255 and Memorandum. [Pet.'s § 2255 Exhibit 4].

Finally, while an evidentiary hearing is not necessary in all cases, this Circuit leaves no doubt "that a district court **must** grant an evidentiary hearing when the petitioner 'alleges facts that, if proven, would entitle him to relief.'" Kafo, 467 F.3d at 1067 [quoting Bruce v. united States, 256 F.3d 592, 597 (7th Cir. 2001)](emphasis in original). This is clearly such a case.

REPLY

I.  THE RECORD OF THIS CASE CONCLUSIVELY PROVES THAT MR. CARANI'S SENTENCE WOULD HAVE BEEN SIGNIFICANTLY LESS BUT FOR COUNSEL'S FAILURES TO PROPERLY ADVISE HIM OF THE RISKS OF TESTIFYING, AND OF PROCEEDING TO TRIAL VERSUS ACCEPTING THE GOVERNMENT'S PLEA OFFER.

In Grounds One and Five[1] of his § 2255, Mr. Carani asserted that his decision to proceed to trial, and his decision to testify at trial, were unknowing and involuntary due to counsel's ineffectiveness. According to the government, "Defendant submits no affidavit supporting these allegations." [Gov.'s Res. at 4]. The government's representation to the Court is simply false. Mr. Carani **did submit** a detailed and specific affidavit attesting to the facts presented in his § 2255 and Memorandum. [Pet.'s § 2255 Exhibit 5]. Furthermore, also contrary to the government's position, Mr. Carani's claims here are meritorious and, in fact, are clearly proven by the record in this case.

   1. **Mr. Carani has demonstrated prejudice based on counsel's failure to inform him of the risks of going to trial:**

In its response, the government first attempts to portray the facts in this instant case with those in Almonacid v. United States, 476 F.3d 518 (7th Cir. 2007), by asserting that a defense counsel's advice to a defendant to reject a plea offer is not objectively

---

[1] The government refers to these claims as "Grounds (A) and (E) and addresses them together. Therefore, Mr. Carani will also reply to these claims simultaneously.

3

unreasonable unless such advice is made "in the fact of overwhelming evidence and an absence of viable defenses." [Gov.'s Res. at 5]. Almonacid, however, is completely distinguishable from this instant case.

For example, and as stated in Mr. Carani's § 2255 Memorandum "counsel never informed Mr. Carani that his handwritten statement dated "2/11/05" **constituted an admission of guilt** at least for Count One (knowing possession of child pornography), which was the **one count Mr. Carani was convicted of.**" [§ 2255 Mem. at 21] (emphasis added). [See also Pet.'s § 2255 Exhibit 5, at ¶ 3 (affidavit of Mr. Carani)]. Simply put, this handwritten statement clearly constitutes the "overwhelming evidence of guilt and absence of viable defenses" lacking in Almonacid. As such, the government's position here is not grounded in either law or fact.

The government proceeds to misrepresent the facts to the Court, by asserting that even if Mr. Carani's counsel was deficient in failing to properly advise him about the government's plea offer versus proceeding to trial, Mr. Carani cannot show prejudice because his sentence was lower than the applicable guidelines. More specifically, the government argues that "[t]here is no reason to conclude that on a resentencing, where the defendant was pleading guilty, on this record, that this Court would deviate even further from the Guidelines than it already did." [Gov.'s Res. at 7]. There are two critical and fatal flaws in the government's position.

First, had Mr. Carani received the advice and information from his counsel that he was entitled to, Mr. Carani would have pled guilty instead of proceeding to trial. The fact that there possibly

4

would have been three (3) convictions, instead of one, is of no moment simply because his guideline range would not be effected. Importantly, however, Mr. Carani **would not be "pleading on this record."** Rather, he would be pleading on a record that did not contain his trial testimony, i.e., his testimony that resulted in an obstruction of justice enhancement.

Secondly, and even more important, there is a "reason" to conclude that Mr. Carani's sentence would have been less had he pled guilty. In fact, the record conslusively proves that very point. Specifically, during this sentencing hearing, the Court made clear that "[a]side from the...obstruction of justice in the commission of perjury,...I believe that a reasonable sentence in this case, all things considered, would be five years, or 60 months...." [Sent. Tr. at 89]. Simply put, for the government to assert that Mr. Carani cannot show prejudice is incomprehensible.

Here, it has not been disputed that Mr. Carani's counsel failed to discuss with or inform Mr. Carani of the potential differences in his sentence if he was convicted following a trial versus pleading guilty. Likewise, it has not been disputed that Mr. Carani's counsel even failed to inform Mr. Carani that it was ultimately Mr. Carani's choice to decide whether to go to trial or plead guilty.[2] Such performance is far below any court's definition

---

[2] In footnote 4 of its response, the government asserts that it "has not solicited affidavits from trial or defense counsel at this stage, because defendant himself has submitted no detailed affdavit." As stated previously, however, Mr. Carani did, in fact, submit a detailed and specific affidavit. [Pet.'s § 2255 Exhibit 5].

of objective standard of reasonableness.

In order to demonstrate prejudice from counsel's deficient performance, Mr. Carani "must show (1) through objective evidence that (2) there is a reasonable probability that, but for counsel's inadequate performance, he would have accepted the government's offer." Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998). Here, Mr. Carani has met both prongs of Paters. First, the record is clear that had he pled guilty, Mr. Carani's sentence would have been 60 months or less. [Sent. Tr. at 89]. And like the petitioner in Paters, Mr. Carani "has certainly met the second prong of that test," because "[h]e has **alleged** a reasonable probability that but for counsel's inadequate performance, he would have accepted the government's offer." Id. at 1047 (emphasis in original). [See Pet's § 2255 Exhibit 5 - affidavit of Mr. Carani].

Accordingly, Mr. Carani's sentence should be vacated and he allowed to either accept the government's proposed plea agreement, or enter a blind plea. Alternatively, an evidentiary hearing "must" be held because Mr. Carani has "allege[d] facts that, if proven, would entitle him to relief." Dafo, 467 F.3d at 1067.

2. **Mr. Carani has demonstrated prejudice based on counsel's failure to inform him of the risks of testifying:**

Contrary to the government's representations to the Court, the fact that the Court concluded that Mr. Carani testified falsely has nothing to do with this claim. Despite the government's efforts to change the basis for the determination of this claim, the only question before the Court is whether counsel's failure to advise

6

Mr. Carani of the risks of testifying, along with counsel's failure to inform Mr. Carani that the decision was his alone, constitutes deficient performance; and if so, whether Mr. Carani was prejudiced by that unprofessional performance.

This Circuit has made clear that the right to choose whether or not to testify is "[e]ven more fundamental to a personal defense than the right to self-representation." Ward v. Sternes, 334 F.3d 696, 705 (7th Cir. 2005). Here, Mr. Carani was never given that choice. Rather, counsel merely told Mr. Carani that he was going to testify so that the jury could hear his defense. Moreover, Mr. Carani was never told that his testimony could be used to enhance his sentence if he was found guilty. [Pet.'s Exhibit 5 - affidavit of Mr. Carani]. Such performance is far below the accepted prevailing norms for a defense attorney. In fact, such conduct amounts to no less than deficient performance.

Critically, Mr. Carani was prejudiced by this deficient performance, contrary to the government's misrepresentations. Specifically, Mr. Carani's sentence was increased at least twelve (12) months solely because of his trial testimony. [Sent. Tr. at 89-90]. Had Mr. Carani been informed that he could receive such an enhancement, and that it was his choice whether or not to testify he would not have testified. [Pet.'s Exhibit 5, at ¶ 7]. And, had Mr. Carani not testified, his sentence would have been "five years, or 60 months," instead of the 72 months imposed. [Sent. Tr. at 89]. Glover v. United States, 121 S.Ct. 696 (2001).

Accordingly, Mr. Carani's sentence should be corrected to reflect a sentence without the obstruction of justice enhancement

7

imposed for his trial testimony, i.e., a sentence of "five years, or 60 months." Id. Alternatively, an evidentiary hearing is mandated by circuit precedent because "a determination of credibility cannot be made on the basis of an affidavit." Daniels v. United States, 54 F.3d 290, 295 (7th Cir. 1995).

## II. MR. CARANI WAS PREJUDICED BY COUNSEL'S FAILURE TO INVESTIGATE AND PRESENT EVIDENCE MATERIAL TO THE DETERMINATION OF GUILT.

Contrary to the government's position, the 2006 report entitled "Filesharing Programs and Technological Features to Induce Users to Share" demonstrates that the Kazaa program involved in this case has been causing inadvertent sharing since its inception. In other words, the report makes clear that Mr. Carani's Kazaa program was capable of both receiving (downloading) and sharing (uploading) files that he had absolutely no knowledge of. [Pet.'s § 2255 Exhibit 6].

While counsel did present Scott Ellis on Mr. Carani's behalf, it cannot be disputed that the jury did not credit his testimony. Had counsel submitted the results of this report, there is more than a reasonable probability that the jury would have fully credited Mr. Ellis and acquitted Mr. Carani on all counts.

As such, Mr. Carani's conviction and sentence should be set aside and vacated, and a new trial granted. Alternatively, counsel should be appointed and this matter set for an evidentiary hearing.

8

### III. MR. CARANI'S INEFFECTIVE CLAIMS REGARDING THE CONSTRUCTIVE AMENDMENT OF THE INDICTMENT AND GENERAL VERDICT WERE NOT RAISED OR LITIGATED ON DIRECT APPEAL.

Despite the government's attempts to misrepresent the facts to this Court, Mr. Carani's claims in Grounds III and IV of his § 2255 were not raised or litigated on direct appeal. Rather, and as the government itself acknowledges in its response, Mr. Carani's relevant arguments on appeal were whether the Court abused its discretion in giving an ostrich instruction, and whether the Court's supplemental instruction concerning possession of child pornography incorrectly stated the law. [Gov.'s Res. at 2].

1. **Counsel was ineffective for failing to argue at the district level and on appeal that the Court constructively amended the indictment:**

The government does not specifically respond to this ground for relief, but merely hopes to persuade the Court that his issue has somehow been raised and litigated on appeal. Of course, the government's assertions are clearly frivilous simply because they are untrue. In fact, the very basis of Mr. Carani's claim is that his counsel was ineffective for failing to properly challenge the erroneous supplemental jury instruction, i.e., counsel's failure to argue that the instruction constituted a constructive amendment of the indictment, which is not subject to the harmless error review employed on counsel's appeal claim. Here, Mr. Carani has demonstrated - without dispute from the government - that the Court's supplemental jury instruction resulted in a constructive amendment

in at least one of two ways.

First, the essential elements of § 2252A(a)(5)(B) are knowing possession of some type of a "container" that holds images of child pornography. See United States v. Hall, 142 F.3d 988, 998 (7th Cir. 1998)[holding that a computer and its files were containers for the purposes of § 2252(a)]. As such, the district court's supplemental jury instruction that left out the "container" requirement constructively amended Count One of this Indictment.

Second, the district court's instruction to the jury that it could find the essential element of "knowledge" by finding that Mr. Carani "strongly suspected," also constitutes an impermissible constructive amendment of Count One. In United States v. Myers, 355 F.3d 1040, 1042 (7th Cir. 2004), the Seventh Circuit discussed the essential element of knowledge:

> "The Supreme Court has held that the prohibition on receipt of child pornography in § 2252(a)(2) includes a scienter requirement, and therefore encompasses **only** situations in which the defendant **knows** that the material he is receiving depicts minors engaged in sexually explicit conduct. United States v. X-Citement Video, Inc., 513 U.S. 64, 78, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). Accordingly, a person **who seeks out only adult pornography, but without his knowledge is sent a mix of adult and child pornography,** will not have violated that statutory provision. That same person, however, could be in violation of the possession provision of § 2252(a)(4)(B) if he or she **decides to retain** that material, thereby knowingly possessing it." (emphasis added).

Critically, the supplemental jury instruction completely changed the essential elements of the "possession" count the jury

inquired about, to elements constituting "receipt" of child pornography. Myers, supra.

A constructive amendment of an indictment can occur "either through the evidence or through the jury instruction." United States v. Jefferson, 334 F.3d 670, 673 (7th Cir. 2003). The Court in Jefferson defined a constructive amendment as follows:

> "[A] constructive amendment occurs where proof at trial goes beyond the parameters of the indictment in that it establishes offenses **different from or in addition to** those charged by the grand jury. Such error...which in a jury trial can also be **generated or exacerbated by faulty instructions**, violates the Fifth Amendment since the Grand Jury Clause limits the available basis for conviction to those contained in the indictment." [quoting United States v. Pigee, 197 F.3d 879, 886 (7th Cir. 1999)(emphasis added)].

Critically, when such an amendment occurs, the error is structural and not subject to harmless error analysis, thus, requires per se reversal of the conviction. United States v. McAnderson, 914 F.2d 934, 944 (7th Cir. 1990).

Accordingly, counsel's failure to challenge this constructive amendment at the district level, and/or to raise the issue in the direct appeal of this case, constitutes ineffective assistance of counsel. See Lucas v. O'Dea, 179 F.3d 412, 419 (6th Cir. 1999).

As such, Mr. Carani's conviction and sentence should be set aside and vacated. Alternatively, an evidentiary hearing is required by statute and circuit precedent. Kafo, 467 F.3d at 1067.

## 2. Counsel was ineffective for failing to argue at the district level and on appeal that the supplemental jury instruction resulted in an impermissible general verdict that is not subject to harmless error review:

In discussing the Court's supplemental jury instruction, the Seventh Circuit Court of Appeals noted that it was an incorrect statement of law. [Pet.'s § 2255 Exhibit 1, at 12-13]. The appeals court, however, affirmed Mr. Carani's conviction by concluding that the erroneous instruction did not prejudice Mr. Carani. Id. In contrast to the government's assertions to the Court, Mr. Carani's claim here does not seek to relitigate the same issue presented to the Seventh Circuit. Rather, at issue here is whether Mr. Carani's counsel was constitutionally ineffective for failing to argue, at the district level and on appeal, that the erroneous instruction resulted in an impermissible general verdict that is not subject to the harmless error review employed in this direct appeal.

"[I]t has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside." Sandstrom v. Montana, 442 U.S. 510, 526, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (citation, alternation, and internal quotation marks omitted). See also Zant v. Stephens, 463 U.S. 862, 881, 103 S.Ct. 2733, 77 L.Ed. 2d 235 (1983)("[A] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground.");

12

Yates v. United States, 345 U.S. 298, 312, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957)("[T]he proper rule to be applied is that which requires a verdict to be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected"), overruled on other grounds, Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Stromberg v. California, 283 U.S. 359, 368, 51 S.Ct. 532, 75 L.Ed. 1117 (1931)("[I]f any of the clauses [of the statute] in question is invalid under the Federal Constitution, the conviction cannot be upheld.").

This line of cases, originating with Stromberg, makes clear that "when a jury delivers a general verdict that may rest either on a legally valid or legally invalid ground[,]...the verdict may not stand when there is no way to determine its basis." Keating v. Hood, 191 F.3d 1053, 1062 (9th Cir. 1999). See also United States v. Fulbright, 105 F.3d 443, 451 (9th Cir.), cert. denied, 520 U.S. 1236, 117 S.Ct. 1836, 137 L.Ed.2d 1041 (1997)("Where a jury returns a general verdict that is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained.")(emphasis in original).

This is clearly such a case. The Court of Appeals for the Seventh Circuit agreed that the "strongly suspected" jury instruction was erroneous. [Pet.'s § 2255 Exhibit 1, at page 11-13]. However, when the district court instructed the jury that it could convict Mr. Carani if it believed he either "knew or **strongly suspected**," the district court permitted the jury to return a general verdict that is potentially based on a theory that was legally

13

impermissible or unconstitutional." Fulbright, 105 F.3d at 451. Critically, in such cases, harmless error analysis does not apply.

As such, Mr. Carani's counsels were constitutionally deficient for failing to make this argument at the district level and on appeal, especially in light of the well-known case law pertaining to this issue. But for counsels' failures to raise this argument, there is a reasonable probability that Mr. Carani would have also been acquitted on Count One, and/or the Seventh Circuit would have reversed this conviction.

Accordingly, Mr. Carani is entitled to have his conviction and sentence set aside and vacated, and a new trial granted. Alternatively, an evidentiary hearing is required in this matter.

**IV. BUT FOR COUNSEL'S DEFICIENT PERFORMANCE THERE IS A REASONABLE PROBABILITY THAT THE 2-LEVEL ENHANCEMENT FOR DISTRIBUTION WOULD NOT HAVE BEEN APPLIED AT SENTENCING, OR WOULD HAVE BEEN REVERSED ON APPEAL. [GROUND VI OF MR. CARANI'S § 2255].**

During resentencing, Mr. Carani's counsel did object to and challenge the 2-level enhancement under § 2G2.2(b)(3)(F) for distribution of child pornography. And, it is true that Mr. Carani's counsel challenged this enhancement on appeal. Critically, however, counsels failed to present evidence and argument that would have sustained that objection at the district level, and/or vacated that enhancement on appeal.

**1. The failure to present evidence:**

First, the evidence presented at trial by the government did not show that Mr. Carani distributed child pornography knowingly.

14

In fact, government witness Jennifer Sapper, a special agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") testified otherwise. Specifically, the following colloquy occurred:

> Q: He's not been charged with distributing child pornography, though has he?
>
> Agent Sapper: No, he has not.
>
> Q: You have **no information** that he was trying to distribute child pornography...?
>
> Agent Sapper: No, I do not.

Critically, however, counsel failed to bring this evidence to the attention of the Court at sentencing.

Notably, and as previously presented in Ground II herein, a report was published by the United States Patent and Trademark Office ("USPTO") in 2006, entitled "Filesharing Programs And Technological Features To Induce Users To Share." [Pet.'s § 2255 Exhibit 6]. This report illustrated how five (5) popular filesharing programs have repeatedly deployed features [in their programs] that had a known propensity to trick users into uploading infringing files inadevertently." [Pet.'s § 2255 Exhibit 6, at page 1]. As also demonstrated, the program involved in this case, i.e., Kazaa, was one of these five programs. Finally, Mr. Carani demonstrated through this report that "[p]ublished research identified these as causes of inadvertent sharing by mid-2002." [Pet.'s 2255 Exhibit 6, at page 2].

As such, there is no reasonable tactical or strategic excuse that could justify counsel's failure to present this evidence and

make this argument during sentencing, since it has clearly been available since "mid-2002." Id. Had counsel done so, there is a reasonable probability that the enhancement would not have been applied.

Accordingly, Mr. Carani is entitled to a correction of sentence to reflect a sentence without this 2-level enhancement. Otherwise, an evidentiary hearing should be held.

2. **The failure to argue that the enhancement constituted impermissible double counting:**

As stated above, the Court enhanced Mr. Carani's sentence 2-levels under § 2G2.2(b)(3)(F) for distribution. In addition, the Court also enhanced Mr. Carani's sentence 2-levels under subsection (b)(6) for "distribution of the material..." through "the use of a computer." Id. [See also Sent. Tr. at 39-40]. Mr. Carani respectfully submits that both enhancements constitute impermissible double counting, simply because both enhancements are imposed for the "distribution of child pornography. Id.

In light of the long-standing prohibition against duplicative punishments for conduct amounting to essentially the same harm, counsels' failure to raise this argument at the district level and on appeal was constitutionally deficient. Had counsels raised this argument, there is a reasonable probability that one of these 2-level enhancements would not have been imposed.

As such, Mr. Carani's sentence should be corrected accordingly. Alternatively, an evidentiary hearing is appropriate.

V.  COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE ON APPEAL THAT MR. CARANI'S SENTENCE WAS IMPOSED IN VIOLATION OF HIS FIFTH AND SIXTH AMENDMENT RIGHTS.
[GROUND VII OF MR. CARANI'S § 2255].

While it is proper for a sentencing judge to find sentencing facts by a preponderance of the evidence, it is not proper to increase or enhance that defendant's sentence, unless those facts were included in the indictment, submitted to a jury, or admitted to by the defendant. Blakely v. Washington, 542 U.S. 296 (2004) ("In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after making additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,'...and the judge exceeds his proper authority.").

VI. COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY CHALLENGE THE 5-LEVEL ENHANCEMENT.

Providing the government's version of the facts is correct, Mr. Carani respectfully concedes that this claim does not have merit.

VII. COUNSEL'S FAILURE TO ARGUE INSUFFICIENCY OF THE EVIDENCE ON APPEAL AMOUNTED TO CONSTITUTIONALLY INEFFECTIVE ASSISTANCE.

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel during his first appeal of right, and a defendant who is prejudiced by the deprivation of effective counsel is entitled to collateral relief. Mason v. Hanks, 97 F.3d 887, 892

(7th Cir. 1996). Under 28 U.S.C. §§ 1291 and 1294, and Federal Rules of Appellate Procedure 3 and 4, appeal from a conviction of a crime in federal court is in effect a matter of right. See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). When appellate counsel omits - without a legitimate strategic purpose - a significant and obvious issue, counsel's performance will be deemed deficient. When the omitted issue may have resulted in the reversal of a conviction or order for a new trial, counsel's ineffectiveness will be deemed ineffective. Id., 97 F.3d at 893; <u>Howard v. Gramley</u>, 225 F.3d 784, 791 (7th Cir. 2000); <u>Kitchen v. United States</u>, 227 F.3d 1014, 1021 (7th Cir. 2000).

The government's response argues that the deference due the jury's verdict would make it exceedingly difficult for a sufficiency of evidence argument to succeed on appeal. However, the government overlooks that in this case, the jury's verdict followed what the court of appeals has already characterized as an erroneous instruction. A conviction under 18 U.S.C. § 2255A(a)(5)(B) requires proving a mens rea of knowingly possessing the subject matter beyond a reasonable doubt. The objected to answer that was provided in response to the jury's question as to whether downloading, watching and deleting constitutes possession added - incorrectly - an alternative mens rea of "strongly suspected."

As a result of the addition of the "strongly suspected" element to the jury's considerations the jury deliberated applying a mens rea standard that is outside of the statute. The verdict is not due the same deference that is due a properly instructed jury's verdict. The jury concluded that Mr. Carani strongly suspected that the

material at issue was child pornography, but that does not constitute a crime under Section 2255A(a)(5)(B). Appellate counsel should have raised the issue of whether the evidence presented was sufficient to prove actual knowledge of the nature of the subject matter. In that Kazaa downloaded the files prior to viewing and the jury struggled with what sorts of activities would constitute possession within Section 2255A(a)(5)(B)'s meaning, the issue of the sufficiency of the evidence is a significant and obvious issue that should have been raised on appeal.

## CONCLUSION

For these reasons, and the reasons that have already been placed before the Court, this motion should be granted.

Respectfully Submitted on this, the 14TH day of February, 2008.

*Fabio Carani*
Fabio Carani

## CERTIFICATE OF SERVICE

I, Fabio Carani, hereby certify that a true and accurate copy of the foregoing Petitioner's Reply To The United States' Response In Opposition To Petitioner's Motion To Vacate Sentence Under 28 U.S.C. § 2255 has been sent via 1st Class U.S. Mail, postage pre-paid to the Office of the Asst. U.S. Attorney Julie B. Ruder; 219 South Dearborn Street; Chicago, Illinois 60604, by depositing the same in the institutional mailing system on this, the 14th day of February, 2008.

*Fabio Carani* (signature)

Fabio Carani
Reg. No. 21827-424
FCI Ashland
P.O. Box 6001
Ashland, Kentucky  41105