# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7040 | **DATE** | March 12, 2008 |
| **CASE TITLE** | Carani v. United States | | |

**DOCKET ENTRY TEXT**

The petition to vacate sentence pursuant to 28 U.S.C. § 2255 is denied as to Grounds 2, 3, 4, 6, 7, 8, and 9. The petition is entered and continued as to Grounds 1 and 5. The government may have until April 14, 2008 to file counteraffidavits of counsel. Petitioner may have until May 12, 2008 to reply. SEE BELOW FOR DETAILS.

\_\_\_\_\_ [ For further details see text below.]

Docketing to mail notices.

:00

## STATEMENT

Before the court is Fabio Carani's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On September 6, 2005, a jury found Carani guilty on Count 1 of the indictment, which charged possession of child pornography, and acquitted him on Count 3 of the indictment, which charged receipt of child pornography. The court declared a mistrial as to Count 2, another receipt count, because the jury was unable to reach a decision. On March 16, 2006, Carani was sentenced to a term of imprisonment of seventy-two months.

Carani asserts that his trial and appellate counsel were ineffective in nine respects, which we will call Grounds 1-9 of the petition. In Grounds 2 and 6, Carani complains that counsel failed to investigate and discover information regarding the nature of the Kazaa file-sharing program that was central to the case. Carani contends that counsel, both at trial and at sentencing, should have found and presented data from studies indicating that some file-sharing software was configured in a way that users did not know they were sharing files they already had on their computer. As the government points out, there was ample evidence at trial that Carani knew that Kazaa was a file-sharing program and that by using it, he was making files on his computer available for others to download. And because this kind of evidence goes to the issue of distribution, it would not have assisted Carani in defending the possession charge, the only charge on which he was convicted. Defendant's assertion that counsel did not investigate the Kazaa program is incorrect; counsel presented an expert witness who testified at length about the nature of the Kazaa program and even about Carani's specific copy of the Kazaa software, claiming that the software could "do[] its own thing" in terms of file-sharing. At sentencing, counsel thoroughly addressed the distribution enhancement, going beyond a generic argument about the nature of file-sharing programs and arguing that Carani did not intentionally distribute child pornography. In addition, Carani's contention regarding the failure to raise a double-counting argument is rejected; such an argument would have been a loser. Therefore, as to Grounds 2 and 6, Carani has not shown either ineffective assistance or prejudice.

Carani also fails to show ineffective assistance or prejudice as to Grounds 3 and 4, in which he

**STATEMENT**

contends that counsel failed to argue that the court's supplemental instruction in response to a jury question regarding what constitutes "possession" resulted in an impermissible general verdict and constructively amended the indictment. On Carani's direct appeal, the Seventh Circuit held that the instruction could not have harmed Carani and that he actually benefited from it. Accordingly, Grounds 3 and 4 are without merit.

Grounds 7 and 8 concern Carani's sentence. In Ground 7, Carani claims ineffectiveness for counsel's failure to raise a Booker argument because the court imposed enhancements based on facts found at sentencing by a preponderance of the evidence. This argument would have been frivolous. See, e.g., United States v. Bryant, 420 F.3d 652, 655-56 (7th Cir. 2005). In Ground 8, Carani maintains that counsel failed to "properly" challenge the number-of-images enhancement. He concedes in his reply brief that this ground does not have merit.

Carani asserts in Ground 9 that appellate counsel was ineffective for failing to raise a challenge to the sufficiency of the evidence. It is a challenge that rarely prevails, and here it would have been totally meritless.

As to Grounds 2-4 and 6-9, Carani has failed to show that he is entitled to relief. Accordingly, the petition will be denied as to those grounds.

In Ground 1, Carani contends that trial counsel failed to inform him of the risks of going to trial, failed to show the proposed plea agreement to him, and failed to discuss the proposed plea agreement with him. In Ground 5, Carani contends that trial counsel failed to inform him of the risks of testifying and that the decision to testify was his choice. Carani has filed a sworn affidavit in support of his allegations. The government's brief was submitted under the mistaken impression that Carani did not file an affidavit. Therefore, Carani's § 2255 petition will be entered and continued as to Grounds 1 and 5, and the government may have until April 14, 2008 to file counteraffidavits of counsel, to the extent counsel deny petitioner's allegations, and a short accompanying brief. Carani may have until May 12, 2008 to reply. The court hereby holds that by making his allegations concerning the alleged deficiencies of his counsel, Carani has in that regard waived the attorney-client privilege.