

**U.S. Department of Justice**

*United States Attorney*
*Northern District of Illinois*

| | | |
|---|---|---|
| Julie B. Ruder<br>*Assistant United States Attorney* | *Dirksen Federal Building*<br>*219 South Dearborn Street, Fifth Floor*<br>*Chicago, Illinois 60604* | *Direct Line: (312) 886-1317*<br>*Fax: (312) 353-4324* |

April 6, 2005

Carolyn P. Gurland
Genson & Gillespie
53 W. Jackson Boulevard
Suite 1420
Chicago, IL 60604

   Re: *U.S. v. Fabio Carani*, 05 CR 150

Dear Carolyn:

  Enclosed for your review are a draft information and plea agreement, and discovery materials Bates labeled US 0001 through US 0043 (US 0043 is a CD-ROM containing detailed information about the forensic analysis of Carani's computer). The information and plea agreement are drafts for discussion purposes only; they have not been approved by the U.S. Attorney's Office, and are subject to change.

  The actual videos that are identified in the proposed information are child pornography. It is our office's policy that, as such, they may not be turned over to any party. You may make an appointment with me and the case agent to review the images at any time and also to review any other child pornography that was seized in the house. Because it is illegal to possess, distribute, or duplicate child pornography, it is our office's position that the materials are contraband and must be handled as such. Therefore, the viewing of the materials will take place at the ICE offices where there are appropriate viewing rooms available for defense review of contraband evidence. Please feel free to set up a time that is mutually convenient between you and the case agent for the review of this material.

GOVERNMENT
EXHIBIT
3
CARDELS 800-783-0399

Carolyn P. Gurland, cont.
April 6, 2005
Page 2


    The current deadline for the government to file an information or seek an indictment concerning Mr. Carani is April 28, 2005. Please give me a call once you have had an opportunity to review the materials, so that we can discuss next steps.

                                        Very truly yours,

                                        PATRICK J. FITZGERALD
                                        United States Attorney

                            By:    _Julie B. Ruder_____
                                    JULIE B. RUDER
                                    Assistant United States Attorney


Enclosures (draft information and plea by fax and mail; discovery by mail only)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DRAFT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 05 CR 150 |
| | ) | Violations: Title 18, United |
| vs. | ) | States Code, Sections |
| | ) | 2252A(a)(2)(A) and 2252A(a)(5)(B) |
| | ) | |
| FABIO CARANI | ) | |

## COUNT ONE

The UNITED STATES ATTORNEY charges:

On or about February 11, 2005, at Highland Park, Illinois, in the Northern District of Illinois,

Eastern Division,

### FABIO CARANI,

defendant herein, knowingly possessed material, namely, a Dell computer, serial number 3W6Y721,

containing a Western Digital hard drive, serial number WMA8F2085054, that contained video

images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), such

images having been mailed, shipped, and transported in interstate and foreign commerce by any

means, including by computer;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

On or about May 29, 2003, at Highland Park, Illinois, in the Northern District of Illinois, Eastern Division,

### FABIO CARANI,

defendant herein, knowingly received child pornography as defined in Title 18, United States Code, Section 2256(8)(A), namely a computer file titled "brother-sister-fuck.mpg," that was mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer;

In violation of Title 18, United States Code, Section 2252A(a)(2)(A).

2

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY further alleges:

1.    The allegations of Counts One and Two of this Information are realleged and incorporated by reference as if fully restated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 2253.

2.    As a result of his violations of Title 18, United States Code, Section 2252A,

FABIO CARANI,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all right, title and interest defendant has in any matter which contains visual depictions described in Title 18, United States Code, Section 2252A; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the said violations.

3.    The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 2253 include, but are not limited to, the following items:

(a)    seized personal computers including hard and zip drives;

(b)    seized peripheral connecting cables and equipment;

(c)    seized computer disks, including compact disks, floppy disks, CD-Rom disks, and zip disks; and

(d)    seized images.

4.    To the extent that the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred to, sold to, or deposited with a third person;

3

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value;

(e)    has been commingled with other property that cannot be subdivided without

difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions

of Title 18, United States Code, Section 2253(o);

All pursuant to Title 18, United States Code, Section 2253.

DRAFT

_____

UNITED STATES ATTORNEY

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

# DRAFT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 05 CR 150 |
| | ) | |
| FABIO CARANI | ) | |

## PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, FABIO CARANI, and his attorney CAROLYN P. GURLAND, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 05 CR 150.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, FABIO CARANI, and his attorney CAROLYN P. GURLAND, have agreed upon the following:

1.    Defendant acknowledges that he has been charged in the information in this case with knowingly possessing and receiving child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

2.    Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    Defendant will enter a voluntary plea of guilty to Counts One and Two of the information in this case.

5.    Defendant will plead guilty because he is in fact guilty of the charges contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt and relevant sentencing facts beyond a reasonable doubt:

On or about February 11, 2005, at Highland Park, Illinois, in the Northern District of Illinois, Eastern Division, defendant knowingly possessed material, namely, a Dell computer, serial number 3W6Y721, containing a Western Digital hard drive, serial number WMA8F2085054, that contained video images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), such images having been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). In addition, on or about May 29, 2003, at Highland Park, Illinois, in the Northern District of Illinois, Eastern Division, defendant knowingly received child pornography as defined in Title 18, United States Code, Section 2256(8)(A), namely a computer file titled "brother-sister-fuck.mpg," that was mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

Specifically, defendant purchased a Dell personal computer in early 2003 and set it up at his Highland Park, Illinois residence. Defendant and his wife were the only adults that used the

computer. In early 2003, defendant obtained a peer-to-peer ("P2P") file sharing software program called KaZaA. KaZaA allows the user to set up a folder in which the user may place digital files to be shared with other computer users who are running compatible software. The KaZaA software creates a file list showing all the files the individual has placed in the folder of materials to be shared.

Beginning in early 2003, defendant used KaZaA to search for and download onto his computer music, adult pornography, and child pornography. As to child pornography, defendant used search terms such as "pedo" and "r@ygold" to locate, download, and view child pornography videos. ("R@ygold" is the name of a series of child pornography videos.) Defendant downloaded child pornography videos onto his computer, using KaZaA, and watched them. As of February 11, 2005, defendant knowingly possessed child pornography videos on his computer, in a KaZaA folder titled, "My Shared Files." These videos included materials involving prepubescent female minors engaged in oral, vaginal, and anal sexual intercourse with adult males. In particular, the video identified in Count Two of the information, titled "brother-sister-fuck.mpg," depicts a prepubescent female minor being penetrated by an adult male. The file further depicts the adult male ejaculating on the prepubescent female; the female anally penetrated with a phallic-shaped object; the female penetrated manually by the adult male; and an attempted anal penetration of the female by the adult male.

In addition to the above-listed files, defendant downloaded additional child pornography videos onto his computer between 2003 and 2005, using KaZaA, and watched them. Defendant from time to time deleted such videos after viewing them.

Defendant maintains that he did not intend to distribute child pornography to others via KaZaA, or in any other fashion. Nevertheless, defendant acknowledges that his KaZaA software was

3

configured to permit others to share files from defendant's computer, including his child pornography files. Moreover, defendant did in fact distribute child pornography files to others via KaZaA between 2003 and 2005.

6.    For purposes of calculating the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, effective November 1, 2004, the parties agree, and where noted disagree, on the following points:

a.    The base offense level for the offense charged in the information is 22, pursuant to Guideline § 2G2.2(a)(2).

b.    The government's position is that defendant intended to distribute material involving the sexual exploitation of a minor, therefore there should be no two-level decrease in the offense level pursuant to Guideline § 2G2.2(b)(1). The defendant reserves the right to argue at sentencing that the offense level should be decreased by two levels pursuant to Guideline § 2G2.2(b)(1), because the defendant did not intend to traffic in or distribute material involving the sexual exploitation of a minor.

c.    The material involved prepubescent minors, resulting in a two-level increase in the offense level pursuant to Guideline § 2G2.2(b)(2).

d.    Even though the defendant maintains that he did not intend to distribute material involving the sexual exploitation of a minor, the defendant acknowledges and agrees that he did, in fact, distribute such material, resulting in a two-level increase in the offense level pursuant to Guideline § 2G2.2(b)(3)(F).

e.    The offense involved material that portrays depictions of violence, resulting in a four-level increase in the offense level pursuant to Guideline § 2G2.2(b)(4).

f.      The offense involved the use of a computer for the possession, receipt, and distribution of the material, resulting in a two-level increase in the offense level pursuant to Guideline § 2G2.2(b)(6).

g.      The offense involved 600 or more images (as the term "images" is defined in Application Note 4 to Guideline § 2G2.2), resulting in a five-level increase in the offense level pursuant to Guideline § 2G2.2(b)(7)(D).

h.      Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline § 3E1.1(a), a two-level reduction in the offense level is appropriate.

i.      Defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline § 3E1.1(b). Accordingly, at the time of defendant's sentencing hearing, the government will move for an additional one-level reduction in the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline § 3E1.1(a).

j.      Based on the facts known to the government and stipulated by the defendant, the defendant's criminal history points equal zero and the defendant's criminal history category is I.

k.      The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the

5

time of this Agreement. The defendant understands that the Probation Department will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7.    Errors in calculation or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement shall not be affected by such corrections, and the defendant shall not have the right to withdraw his plea on the basis of such corrections.

8.    The defendant understands that the Sentencing Guidelines are advisory, not mandatory, and that the Court must consult those Guidelines and take them into account when sentencing the defendant.

9.    Defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, defendant will be assessed $100 on each of the two counts to which he has pled guilty, in addition to any other penalty imposed. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order made payable to the Clerk of the U. S. District Court.

10.    Defendant understands that Count One, to which he will plead guilty, carries the following penalties: a maximum penalty of ten years imprisonment, a maximum fine of $250,000, any restitution ordered by the Court, and a term of supervised release of not more than three years.

6

Defendant understands that Count Two, to which he will plead guilty, carries the following penalties: a mandatory minimum penalty of five years imprisonment, a maximum penalty of 20 years imprisonment, a maximum fine of $250,000, any restitution ordered by the Court, and a term of supervised release of not more than three years.

11.    Pursuant to 18 U.S.C. § 2253, defendant further agrees that he is forfeiting any right, title, and interest that he has in the following items:  (a) seized personal computers including hard and zip drives; (b) seized peripheral connecting cables and equipment; (c) seized computer disks, including compact disks, floppy disks, CD-Rom disks, and zip disks; and (d) seized images. Defendant specifically stipulates that these items were properly seized from his residence and, in fact, were used or intended to be used in the offense to which he is pleading guilty, namely the violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(a)(5)(B), and are therefore forfeitable to the United States pursuant to 18 U.S.C. § 2253. Defendant further agrees that he will not make any efforts to seek the return of the above-described property, that he will consent to the entry of an order forfeiting such property, and that he will not otherwise challenge the seizure and forfeiture of the property.  Defendant also agrees to execute any and all additional documents necessary to demonstrate his consent to the seizure and forfeiture of these properties.

12.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    If defendant persisted in a plea of not guilty to the charge against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the

7

trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

      c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

      d.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

      e.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

f.    Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a legally constituted grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

13.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

14.    Defendant understands that the information and this Plea Agreement are matters of public record and may be disclosed to any party.

15.    Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

16.    At the time of sentencing, the parties are free to recommend any sentence they deem appropriate.

17.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose up to the maximum penalties as set forth in paragraph 10 above. However, the sentencing court is obligated to consult and take into account the Sentencing

Guidelines in imposing a reasonable sentence.

18.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

19.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

20.     Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

21.     Should the Court refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

10

22.    Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____

DRAFT

_____
PATRICK J. FITZGERALD
United States Attorney

DRAFT

_____
FABIO CARANI
Defendant

DRAFT

_____
JULIE B. RUDER
Assistant United States Attorney

DRAFT

_____
CAROLYN P. GURLAND
Attorney for Defendant

11