**FILED**
MAY 1 4 2008
May 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FABIO CARANI, | ) |
| Petitioner, | ) Civ. A. No. 07-C-7040 |
| | ) (Crim. No. 05-CR-150) |
| vs. | ) (Judge Grady) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MOTION FOR LEAVE** |
| | ) **TO CONDUCT DISCOVERY** |
| Respondent. | ) |

COMES NOW the Petitioner, Fabio Carani ("Carani"), pro se, to move this Court, pursuant to Rule 6 of the Federal Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules Governing Section 2255 Proceedings"), for leave to conduct discovery as specified within the body of this motion. In support of this motion Carani states as follows:

The United States has submitted a Supplemental Response to Carani's Motion under Title 28 United States Code section 2255. That Supplemental Response includes affidavits by Carolyn P. Gurland and Dennis A. Berkson, who were Carani's lawyers during the criminal trial that is related to the pending section 2255 motion. The Gurland and Berkson affidavits each make general reference to a meeting which both attended and at which they state that they discussed the government's proposed plea agreement with Carani. Carani's recollection is much different. Carani has prepared an answering declaration and submitted it to the Court simultaneously with this motion and his Reply to the government's Supplemental Response.

The Carani declaration states his belief that the proposed plea agreement was provided in April 2005 and that it was rejected before Berkson began working on his case. After the proposed plea agreement was rejected, Carani retained Berkson, at Gurland's request, to assist Gurland during the upcoming trial. Berkson was retained sometime around early-August 2005, and photocopies of fee-payment checks to Berkson dated August 11, and August 25, 2005 are included with the Carani declaration. Since Berkson was not brought into the case until after the proposed plea agreement had become inoperative, there would not have been any purpose to a meeting of Carani, Gurland and Berkson to discuss the plea agreement proposal.

Whether Gurland and Berkson provided constitutionally sufficient legal assistance to Carani is a material issue in this section 2255 proceeding. The facts related to that issue are the subject of a genuine dispute, with the recollections of Gurland and Berkson being substantially different from the recollection of Carani. In this regard, Carani seeks leave of the Court to conduct discovery, and asks the Court, pursuant to the Federal Rules of Civil Procedure 34(c) and 45, to instruct the Clerk of Court to issue subpoenas to Carolyn P. Gurland and Dennis A. Berkson to produce particular documents and tangible things related to their representation of Carani.

The date upon which Gurland and Berkson each undertook their respective representation of Carani is germane to disputed factual issues in this matter; as are the dates upon which Gurland and Berkson, either individually or together, met with Carani;

records related to the purpose of and nature of work done on Carani's behalf; and correspondence and records of communications concerning the proposed plea agreement.

Additionally, there a genuine dispute regarding material facts related to the decision of whether Carani would testify at his trial. Therefore, documents and tangible things that memorialize or have otherwise recorded advice, discussions and decisions regarding Carani's trial testimony should also be included in any discovery order to Gurland, and Berkson.

Carani asks for leave of the Court for discovery of documents and tangible things that may be in the possession or control of Carolyn P. Gurland, or Dennis A. Berkson, or both, as follows:

    a. Any representation agreement between Gurland, or Berkson, or any association of attorneys with which either are affiliated, and Carani.

    b. Any record of appointments, or other records of scheduling of time by Gurland, or Berkson, or both, between April 1, 2005, and September 1, 2005, that is related to Carani.

    c. Any record of payments by Carani that were received by either Gurland, or Berkson, directly, or indirectly through others, made as compensation for professional services rendered to or on behalf of Carani.

    d. Any records, whether produced for the purpose of external billings or for internal record-keeping, reflecting the dates and/or times between April 1, 2005, and September 1, 2005, on which Gurland, or Berkson, or both provided professional

services to or on behalf of Carani, and the nature or purpose of the professional services provided.

  e. Any correspondence to any person or governmental entity, whether sent by Gurland or Berkson or received by either of them, related to any proposed plea agreement in the case of the <u>United States of America v. Fabio Carani</u>, case number 05-CR-150 in the United States District Court for the Northern District of Illinois.

  f. Any record, whether prepared by Gurland, or Berkson, or others to memorialize any conversation or other communication related to any proposed plea agreement in the case of the <u>United States of America v. Fabio Carani</u>, case number 05-CR-150 in the United States District Court for the Northern District of Illinois.

  g. Any record, whether prepared by Gurland, or Berkson, or others to memorialize or otherwise record any advice, discussions or decisions related to whether Carani would testify at his trial.

Carani further asks that the Court instruct the Clerk of Court to prepare and serve subpoenas to effect discovery of the above-described documents and tangible things in accordance with Federal Rules of Civil Procedure 34(c) and 45, and incorporating the scope of Federal Rule of Civil Procedure 34(a)(1)(A) and (B).

Carani asks that the discovery order command production by providing authenticated paper copies of the documents and tangible things to Carani at his place of imprisonment. Production can be accomplished by mail at the following address:

-4-

Fabio Carani
21827-424   R
FCI-Ashland
Post Office Box 6001
Ashland, Kentucky 41105-6001

~~Inasmuch as the Court may decide that it is necessary to appoint an attorney to effect discovery, Rule 6 of the Rules Governing Section 2255 Proceedings, a financial affidavit and records related to Carani's inmate trust account are submitted along with this motion.~~ F.C.

## CONCLUSION

For these reasons, the motion should be granted.

                              Respectfully submitted,

                              */s/ Fabio Carani*
                              Fabio Carani, pro se
                              21827-424   R
                              FCI-Ashland
                              Post Office Box 6001
                              Ashland, Kentucky 41105-6001

Date:   May 4, 2008.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Motion for Leave to Conduct Discovery was deposited in the mail system at the Federal Correctional Institution, Ashland, Kentucky, in the manner prescribed for legal mail, including the prepayment of first-class postage, addressed to:

>AUSA Julie B. Ruder
>Office of the United States Attorney
>Northern District of Illinois
>219 South Dearborn Street
>Chicago, Illinois 60604

on the 7TH day of May, 2008.

*Fabio Carani*
Fabio Carani, pro se
21827-424   R
FCI-Ashland
Post Office Box 6001
Ashland, Kentucky 41105-6001