FILED

MAY 1 4 2008

May 14 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FABIO CARANI, | ) | |
| | ) | Civ. A. No. 07-C-7040 |
| Petitioner, | ) | (Crim. No. 05-CR-150) |
| | ) | (Judge Grady) |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PETITIONER'S REPLY TO SUPPLEMENTAL RESPONSE
OF THE UNITED STATES TO SECTION 2255 PETITION**

The Petitioner, Fabio Carani ("Carani"), has submitted a pro se Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The first and fifth grounds of the petition raise issues concerning the constitutional sufficiency of the legal advice provided to Carani by his trial counsel. The government submitted its initial response to Carani's petition without addressing the substance of the ineffective assistance of counsel claims. The Court has allowed the government to make a supplemental response, and Carani now provides his reply to the government's Supplemental Response.

To support its position that Carani was adequately informed of the risks of going to trial and that he was also adequately informed concerning testifying at his trial, the government has provided affidavits by Carolyn P. Gurland ("Gurland") and Dennis A. Berkson ("Berkson"). Gurland and Berkson were Carani's trial counsel.

Carani's recollection of events is significantly different

from some of the events recounted by Gurland and Berkson in their affidavits.  As a result, Carani has submitted an answering declaration under the provisions of Title 28 United States Code sections 2246 and 1746.  The Carani declaration also provides copies of checks that were used to pay for Berkson's professional services.  The dates of the checks and the proximity of the dates of the checks to Carani's trial support Carani's recollection that Berkson was not retained until after the proposed plea agreement had become inoperative.  As such, it is unlikely that Gurland and Berkson are correct in their recollection of discussing the proposed plea agreement together with Carani.

The variance between Carani's recollection and those of Gurland and Berkson present a genuine dispute regarding facts that are material to the issues presented in Carani's section 2255 motion.  Carani is seeking leave for discovery of documents and tangible things in order to resolve the differences between his recollections and those of his lawyers.  The documents and tangible things that Carani seeks leave to discover also apply to the advice and directions that Berkson and Gurland provided Carani regarding Carani testifying at his trial.

The parties agree that the controlling law is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and subsequent cases that apply <u>Strickland's</u> two-prong test for ineffective assistance of counsel.  Carani is entitled to relief if his counsels' representation fell below an objective standard of reasonableness; and there is a reasonable probability that absent

his counsel's errors, the result of the proceeding would have been different. Id. at 688 and 694.

The government urges the Court to dismiss Carani's ineffectiveness claim related to the proposed plea bargain on the basis of Gallo-Vasquez v. United States, 402 F.3d 793 (7th Cir. 2005). The government also asks the Court to dismiss the claim without holding an evidentiary hearing, again relying on Gallo-Vasquez.

Gallo-Vasquez repeats the Seventh Circuit's recognition "that counsel's performance may fall below the minimum threshold [for constitutionally sufficient representation] if [counsel] advises his client to reject a plea bargain in the face of overwhelming evidence of guilt and an absence of viable defenses." Id. at 798 (citations omitted). Gallo-Vasquez also states that a "district court may dismiss a section 2255 motion without holding a hearing...if the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Id. at 797 (applying section 2255 paragraph 2)(internal quotation marks omitted).

In Gallo-Vasquez the petitioner asked for relief on the basis that his trial counsel had been ineffective because counsel had convinced "Gallo-Vasquez unwisely to reject a plea agreement allegedly offered by the government." Id. However, Gallo-Vasquez's claim was at odds with a letter that Gallo-Vasquez had written to the court before his trial. The letter complained that Gallo-Vasquez's lawyer was not trying to prove his innocence, and instead was urging him to accept a plea agreement even though

Gallo-Vasquez did not want to plead guilty. The court held a hearing to address the letter and a subsequent pro se motion to dismiss counsel. As a result, the district court had a fully developed record that conclusively showed that Gallo-Vasquez <u>was not</u> advised to reject the plea agreement, and <u>was</u> fully advised of the likelihood of conviction and a significant term of imprisonment. <u>Id</u>. at 798. The record before the Court in the instant case is far less developed and there are material facts that remain in dispute. The Court should not rely on <u>Gallo-Vasquez</u>, as the government urges, as an exception to the general rule of the Seventh Circuit that affidavits are not an adequate substitute for an evidentiary hearing. The circumstances of this case are quite different from the circumstances of <u>Gallo-Vasquez</u>.

The government also asks the Court to rely on <u>Taylor v. United States</u>, 287 F.3d 658 (7th Cir. 2002) to deny relief for counsel's ineffectiveness related to Carani testifying at his trial. The government's interpretation of <u>Taylor</u> is incorrect. <u>Taylor</u> does not hold that a "defense attorney's failure to tell a defendant that it is solely his decision whether to testify is not a deprivation of constitutional rights, and cannot sustain an ineffective assistance claim." See Supplemental Response 7. <u>Taylor</u> provides a narrow ruling that the Constitution does not require any specific form of warning or an express waiver regarding a defendant's right to testify at his trial. <u>Id</u>. Taylor did not argue that his attorney's advice concerning whether he should testify at trial was constitutionally inadequate. Nor

-4-

did Taylor argue that he did not make the decision not to testify. "What Taylor argues is that <u>even</u> <u>if</u> he made the decision, he is entitled to a new trial unless he received formal notice and waived his right to testify, preferably on the record in open court." <u>Id.</u> at 660 (emphasis in original).

The <u>Taylor</u> decision relies on <u>Rock v. Arkansas</u>, 483 U.S. 44 (1987) and Circuit precedent to determine that the decision of whether to testify at trial is a personal decision that lies entirely in the hands of the defendant, and that the decision is outside of the realm of the strategic and tactical trial decisions to be made by counsel. 287 F.3d at 660.

<u>Taylor</u> offers as an illustration that "if a defendant's theory [for relief under section 2255] were that he told his lawyer that he wanted to testify, but his lawyer refused to allow this...this would be a sound constitutional claim." 287 F.3d at 661-62. In light of the illustration provided by the Court of Appeals, it cannot be said that the <u>Taylor</u> decision has the broad application that the government wishes to apply.

The basic right at issue in <u>Taylor</u> is the inverse of the issue raised by Carani. Taylor's claimed that he wanted to testify at his trial, but was prevented from doing so. The district court determined as a matter of fact that "the ultimate decision not to testify was made by Taylor, after consultation with his attorney." 287 F.3d at 660 (internal punctuation omitted). The Court of Appeals held that the Constitution does not require counsel to use any particular form to inform a client that the decision to testify lies entirely with the defendant.

-5-

The <u>Taylor</u> decision does not modify counsel's obligation to provide objectively reasonable advice regarding a defendant's choice of whether to testify, or any of the other critical decisions that a defendant must make during the course of a criminal proceeding. <u>Taylor</u> does not bar Carani form receiving relief as a matter of law.

The government also argues that even if the performance prong of <u>Strickland</u> is satisfied, Carani can not establish that the outcome of the proceedings would have been any different if he had been adequately and sufficiently advised. The government's position reflects a view that the Sixth Amendment is satisfied by counsel's presence alone. However, <u>Strickland</u> is clear that the Sixth Amendment is only satisfied if counsel is performing as counsel. The Supreme Court has stated, and reaffirmed, its view that the right to counsel is an integral part of the procedural and substantive safeguards designed to assure fair trials:

> "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with a crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence."

<u>Gideon v. Wainright</u>, 372 U.S. 335, 344-45 (1963)(quoting

Powell v. Alabama, 287 U.S. 45, 68-69 (1932)). Strickland gives effect to the right to counsel by requiring that counsel's advice and assistance to a criminal defendant meet a standard of objective reasonableness. When a criminal defendant makes critical trial-related decisions without being adequately and sufficiently advised by counsel, he is unable to fully exercise guaranteed rights and thereby suffers prejudice as a result of counsel's ineffectiveness.

~~Based upon the entire record before the Court, Carani should either be granted relief or an evidentiary hearing should be conducted. A financial affidavit is submitted simultaneously with this Reply to the Supplemental Response in the event that the Court determines that an evidentiary hearing is needed. See Rules Governing Section 2255 Proceedings, Rule 8(c).~~ F.C.

## CONCLUSION

For these reasons, the section 2255 motion should be granted, or an evidentiary hearing should be conducted.

Respectfully submitted,

*[signature: Fabio Carani]*
Fabio Carani, pro se
21827-424  R
FCI-Ashland
Post Office Box 6001
Ashland, Kentucky 41105-6001

Date: May 4, 2008.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing Petitioner's Reply to Supplemental Response of the United States to Section 2255 Petition was deposited in the mail system at the Federal Correctional Institution, Ashland, Kentucky ("FCI-Ashland"), in the manner prescribed for legal mail, including prepayment of first-class postage, addressed to:

>AUSA Julie B. Ruder
>Office of the United States Attorney
>Northern District of Illinois
>219 South Dearborn Street
>Chicago, Illinois 60604

on the 7th day of May, 2008.

_____
Fábio Carani, pro se
21827-424  R
FCI-Ashland
Post Office Box 6001
Ashland, Kentucky 41105-6001