# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7040 | **DATE** | May 22, 2008 |
| **CASE TITLE** | Carani v. United States | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to expand the record is granted. Petitioner's motion for leave to conduct discovery is denied as moot. The petition to vacate sentence pursuant to 28 U.S.C. § 2255 is denied as to Grounds 1 and 5. Because we have already denied the petition as to the remaining grounds, this disposition terminates the case. SEE BELOW FOR DETAILS.

_____ [ For further details see text below.]

Docketing to mail notices.

:00

## STATEMENT

In an order of March 12, 2008, we denied Fabio Carani's <u>pro se</u> motion to vacate his sentence pursuant to 28 U.S.C. § 2255 as to Grounds 2, 3, 4, 6, 7, 8, and 9, and we entered and continued the motion as to Grounds 1 and 5. As to Grounds 1 and 5, we noted that the government's brief was filed under the mistaken impression that that Carani had not filed a sworn affidavit in support of his motion, and we gave the government leave to file counteraffidavits of counsel and a short additional brief. We also gave Carani leave to reply. Those briefs have now been filed. Carani also has filed a motion to expand the record and a motion for leave to conduct discovery.

The government has submitted the affidavits of Carani's trial counsel, Carolyn Gurland and Dennis Berkson, who dispute Carani's contentions in Grounds 1 and 5 that trial counsel failed to do the following: inform him of the risks of going to trial, show the proposed plea agreement to him, discuss the proposed plea agreement with him, inform him of the risks of testifying, and inform him that the decision to testify was his choice.

The parties agree that the controlling law is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which established a two-part test for § 2255 petitions premised on ineffective assistance of counsel. Petitioner must show first that counsel's representation fell below an objective standard of reasonableness and second that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Gallo-Vasquez v. United States</u>, 402 F.3d 793, 798 (7th Cir. 2005). If the first prong were all that petitioner is required to show, we would have to hold an evidentiary hearing regarding the factual basis for Grounds 1 and 5 because Carani's Affidavit and Declaration are at odds with the Affidavits of Gurland and Berkson. (Carani's motion to "expand the record" is a motion to file a declaration that supplements his original affidavit, and that motion is granted.) It will be unnecessary to hold an evidentiary hearing, however, because even if Carani could show that counsel erred, he cannot show resulting prejudice.

As to Ground 1, Carani claims that if fully advised of the risks of going to trial and about the proposed plea agreement, he would have pleaded guilty. The government argues that Carani cannot show prejudice because he cannot legitimately claim that he would have obtained a better sentence through such a plea, pointing out that Carani was sentenced to 72 months' imprisonment, a term well below both the actual

**STATEMENT**

applicable Guidelines range (120 months) and the ranges contemplated by the government's proposed plea agreement (either 121-151 months or 151-188 months, depending on whether a particular enhancement was applied). (Govt.'s Supplemental Resp., Ex. 3, Draft Plea Agreement.) We agree with the government that Carani accordingly cannot demonstrate prejudice as to Ground 1.

In Ground 5, Carani complains that his sentence "was increased twelve months solely because of his trial testimony," Mem. in Supp. of § 2255 Pet. at 37, referring to the 2-level obstruction of justice enhancement for perjury. Carani contends that, had he been informed that it was his choice whether to testify or if he had known that he was risking an increased sentence by testifying, he would not have chosen to testify and thus would not have received the enhancement. The government's response is twofold: (1) a defense attorney's failure to tell a defendant that it is solely his decision to testify is not a deprivation of constitutional rights, citing Taylor v. United States, 287 F.3d 658, 662 (7th Cir. 2002), and (2) Carani fails to link the 2-level enhancement to any advice of defense counsel because Carani's sentence was enhanced not merely because he testified, but because he testified falsely. We agree with both points. Carani cannot show that he suffered prejudice as a result of defense counsels' conduct; the sentencing enhancement resulted not from any failure of advice on the part of defense counsel, but from Carani's own decision to commit perjury. And Carani does not claim that counsel advised him to lie under oath.

Because Carani cannot show prejudice as to either Ground 1 or Ground 5, the petition to vacate sentence pursuant to 28 U.S.C. § 2255 will be denied as to those grounds. Because we have already denied the petition as to the remaining grounds, this disposition terminates the case. Petitioner's motion for leave to conduct discovery (which goes to the first Strickland prong) is denied as moot.