

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JUL 2 5 2008
JUL 25 2008 MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| FABIO CARANI, <br> Petitioner, | § | |
| versus | § | Civil No.: 07-CV-7040 <br> Crim. No.: 05-CR-0150 |
| UNITED STATES OF AMERICA, <br> Respondent. | § | |

### MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Now comes Fabio Carani ("Carani"), proceeding pro se, to respectfully ask this Honorable United States District Court to issue a certificate of appealability ("COA") pursuant to both 28 USC §2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure. Because he is untrained in and unskilled at the practice of law and is proceeding pro se, Carani also asks this Court to construe this motion liberally regardless of how unartfully it may be drawn, styled, or presented. Blake v. United States, 841 F.2d 203, 205 (7th Cir. 1988) (pro se prisoner's motion for post-conviction relief is "to be liberally construed" (citing Haines v. Kerner, 404 U.S. 519, 520 (1972))), and Korsunskiy v. Gonzales, 461 F.3d 847, 850 (7th Cir. 2006) ("If the judge can see what the pro se litigant is driving at, that is enough.").

I.

On June 15, 2005, a federal grand jury sitting in the Northern District of Illinois returned a three-count superseding indictment against Carani alleging one count of possessing child pornography (Count 1) and two counts of receiving child pornography (Counts 2 and 3). After Carani pleaded not guilty to each of the allegations charged in the indictment, a jury trial was held with Judge John F. Grady presiding. On September 01, 2005, after the close of evidence, Judge Grady held a jury instruction conference where he decided—over Carani's objection—to give an "ostrich" instruction to the jury. See Trial Transcript at 878-884. After the jury was instructed and the case submitted for deliberations, the jury asked whether downloading, watching, and deleting constitutes possession. Judge Grady responded to the jury's question by instructing:

> The answer to this question depends upon whether at the time he downloaded material, the defendant knew or strongly suspected that it was child pornography and downloaded it anyway. If you find beyond a reasonable doubt that he did, then the answer to your question is "yes." If you have a reasonable doubt as to whether the defendant knew or strongly suspected that the material was child pornography at the time he downloaded it, then the answer to your question is "no."

Docket entry 75 (Court's Instruction No. 30). On September 06, 2005, the jury returned a verdict of guilty for Court 1 and a verdict of not guilty for Count 3, but it was unable to reach a verdict for Count 2. Consistent with the jury's verdicts, Judge Grady entered findings of guilt for Count 1, acquittal for Count 3, and mistrial for Count 2. Count 2 was later dismissed. On March 16, 2006, Judge Grady held a sentencing hearing at which time he

imposed upon Carani a 72-month term of imprisonment along with a two-year term of supervised release. See Judgement in Criminal Case, docket entry 111, at 2. Carani timely filed a notice of appeal, and after both the submission of appellate briefs and oral argument, the Court of Appeals for the Seventh Circuit affirmed both Carani's conviction and his sentence. United States v. Carani, 492 F.3d 867 (7th Cir. 2007). After his petition for rehearing and rehearing en banc was denied on September 05, 2007, Carani sought certiorari review from the United States Supreme Court, but his petition was denied on January 07, 2008. Carani v. United States, ___ U.S. ___, 169 L.Ed.2d 769 (2008). On December 01, 2007, Carani filed a motion for post-conviction relief under 28 USC §2255 (the "2255 motion") in which he alleged that both his conviction and his sentence were unconstitutional. 2255 motion at 4-6 (Grounds 1 through 9). On March 12, 2008, this Court denied relief for seven of Carani's grounds (Grounds 2, 3, 4, 6, 7, 8, and 9), but it asked the Respondent (the "government") to respond to Carani's allegations made in Grounds 1 and 5. After the government filed its response and Carani filed a reply, this Court denied relief on the two remaining grounds on May 22, 2008, and contemporaneously issued its final, appealable order denying relief.

II.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 USC §2253(c). A petitioner satisfies that statutory requirement by demonstrating that (1) "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner" or (2) "the issues presented were adequate to deserve encouragement to proceed further." Rodriquez v. United States, 286 F.3d 972, 978 (7th Cir. 2002) (internal quotation marks omitted)); see also Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) ("where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (internal quotation marks omitted)). The decision whether to issue a COA is a threshold inquiry that must be circumscribed to the debatability of the district court's resolution of the constitutional claims and must not extend to the resolution of the debate. Miller-El, 537 U.S. at 336-338 and 342. Accordingly, a court "should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief." Id, 537 U.S. at 337. Rather, if the court determines that its resolution of the constitutional claims are debatable, a COA must consequently issue.

### III.

Carani asks this Court to issue a COA for two issues: (1) whether the supplemental jury instruction (Court's Instruction No. 30, docket entry 75) violated Carani's constitutional rights; and (2) whether counsel's performance was both constitutionally deficient and prejudicial to Carani.

#### A.

Carani advanced in his 2255 motion that Judge Grady's supple-

-4-

mental jury instruction violated his constitutional rights. See 2255 motion at 4-6 (Grounds 3, 4, and 9) and Memorandum of Law at 28-36 and 47-53.[1] This Court rejected each of Carani's arguments and denied relief. Carani contends that the Court's resolution of his constitutional claims is debatable and thus asks this Court to issue a COA. First, the supplemental jury instruction is unconstitutional under the First Amendment because it impermissibly directed the jury to find that Carani acquired the requisite knowledge of the visual depiction's contents (i.e., that it was child pornography) from how—of from the manner in which—the depiction was described, advertised, or promoted. In Ashcroft v. Free Speech Coalition, the Supreme Court rejected the premise that speech may be considered unlawful (and criminal liability imposed upon an individual) based on how the speech was pandered, and it consequently determined that 18 USC §2256(8)(D)[2] was overbroad and unconstitutional under the First Amendment because the statute proscribed

---

1. Because he is proceeding pro se, Carani asks this Court to liberally construe his 2255 motion and his Memorandum of Law regardless of how unartfully they may be drawn, styled, or presented. Ricketts v. Midwest Nat. Bank, 874 F.2d 1177, 1183 (7th Cir. 1989) ("The purpose of [the] more solicitous review [under Haines v. Kerner, 404 U.S. 519, 520 (1972),] is to ensure that pro se pleadings are given fair and meaningful consideration." (internal quotation marks omitted)), and Korsunskiy v. Gonzales, 461 F.3d 874, 850 (7th Cir. 2006) ("filings by pro se litigants should be liberally construed, so that a lay person's unfamiliarity with legal lingo does not lead to the loss of a good claim").

2. Before it was repealed on April 30, 2003, by P.L. 108-21, Title V, §502, 117 Stat. 678, Section 2256(8)(D) of Title 18 of the United States Code defined "child pornography" as, inter alia, a "visual depiction [which] is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct."

speech based solely on how the speech was described, advertised, or promoted by someone earlier in he distribution chain rather than—as recognized in a long line of Supreme Court jurisprudence—based on the speech itself. 535 U.S. 234, 257-258 (2002); see also 535 U.S. at 257 (illustrating the overbreadth of the statute, the Court said that "[e]ven if a film contains no sexually explicit scenes involving minors, it could be treated as child pornography [under 18 USC §2256(8)(D)] if the title and trailers convey the impression that the scenes would be found in the movie"). Judge Grady's supplemental jury instruction ran headlong into the premise rejected in Free Speech Coalition. Specifically, the jury was instructed to convict Carani of possessing child pornography if it found beyond a reasonable doubt that he "knew or strongly suspected" at the time he contemplated downloading the visual depiction "that [the depiction] was child pornography" and, with that knowledge or strong suspicion, downloaded the depiction anyway. Court's Instruction No. 30, docket entry 75. In other words, the instruction directed the jury to find that Carani formed or acquired the requisite knowledge of a particular visual depiction's contents **before** he downloaded (and viewed) it since he was aware of the words and phrases (provided by other users of Kazaa) which described, advertised, or promoted the depiction as child pornography. This was constitutional error. Under the First Amendment as made clear in Free Speech Coalition, 535 U.S. at 257, the unlawfulness of a particular visual depiction—that is, whether it is child pornography—must turn on what is depicted rather than on how the depiction in described, advertised, or promoted. Consequently, the supplemental jury instruction

-6-

violates the First Amendment because it impermissibly directed the jury to find that Carani knew the visual depiction was child pornography based on how the depiction was pandered by other users of Kazaa. Thus, because the jury returned a general verdict of guilty for Court 1 and that general verdict rests on an unconstitutional theory—that Carani's knowledge of the visual depiction's contents may be established from how or the manner in which the depiction was described, advertised, or promoted—the jury's verdict for Count 1 must be set aside. Leary v. United States, 395 U.S. 6, 31-32 (1969) (citing Stromberg v. California, 283 U.S. 359 (1931)); see also Feela v. Israel, 727 F.2d 151, 154-155 (7th Cir. 1984).

Finally, the supplemental jury instruction violated Carani's constitutional rights because it directed the jury to convict him if it found that, at the time he was contemplating on downloading a particular visual depiction, he "strongly suspected" the depiction was child pornography and downloaded it anyway. Count 1 of the indictment alleged Carani violated 18 USC §2252A(a)(5)(B) which proscribes the act of "knowingly possess[ing] any book, magazine, periodical, film, videotape, computer dick, or any other material that contains an image of child pornography."[3] Section 2252A(a)(5)(B)

---

3. "Child pornography," as used in Section 2252A(a)(5)(B), means "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where . . . (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

requires that Carani not only knew he possessed an object containing an image of child pornography but that he knew the image contained in or on the object was in fact child pornography. <u>United States v. X-Citement Video</u>, 513 U.S. 64, ___, 130 L.Ed.2d 372, 385 (1994) (concluding that "the term 'knowingly' in [18 USC] §2252 extends both to the sexually explicit nature of the material and to the age of the performers"); see also <u>United States Watzman</u>, 486 F.3d 1004, 1009 (7th Cir. 2007) (noting that to be convicted of receiving child pornography under 18 USC §2252A(a)(2)(A), "the defendant must have known the material he was receiving depicted minors engaged in sexually explicit conduct"), and <u>United States v. Cote</u>, 504 F.3d 682, 686 (7th Cir. 2007) (holding 18 USC §2422(b) must be interpreted to require "proof of the defendant's knowledge of the age of the victims" (footnote omitted)). However, the supplemental jury instruction directed the jury to equate a strong suspicion with knowledge—in other words, the jury was instructed to convict Carani if it found beyond a reasonable doubt that Carani "strongly suspected" the depiction was child pornography. This was error. Section 2252A(a)(5)(B) requires neither a suspicion nor a strong suspicion; rather, it requires a higher culpable state of mind: knowledge. As the Court of Appeals put it, "What one ought to have known, but did not know, is not knowledge." <u>United States v. Ladish Malting Co</u>, 135 F.3d 484, 487-488 (7th Cir. 1998). Knowledge in a criminal statute means **actual** knowledge. <u>Ibid</u>. Consequently, the supplemental jury instruction violated Carani's constitutional rights protected

---

18 USC §2256(8).

by the Grand Jury and Due Process Clauses of the Fifth Amendment because it amended the indictment—substituting "knowingly" with "strongly suspects" as the required culpable state of mind—and thereby diluting the mens rea required for conviction under 18 USC §2252A(a)(5)(B) and because it caused the jury not to find all of the essential elements—i.e., the element of "knowingly"—beyond a reasonable doubt. See, e.g., Stirone v. United States, 361 U.S. 212, 215-216 (1960) (example of constructive amendment of the indictment), and In re Winship, 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged"). As the foregoing illustrates, this Court's resolution of Grounds 3, 4, and 9 advanced by Carani in his 2255 motion is debatable among reasonable jurists, and therefore Carani respectfully asks this Court to issue a COA.

B.

Carani also contended in his 2255 motion that his trial and appellate counsel's performance was both constitutionally deficient and prejudicial. See 2255 motion at 4-6 (Grounds 3, 4, and 9) and Memorandum of Law at 28-36 and 47-53. This Court denied relief based on Carani's arguments, but Carani avers this Court's resolution of his claims is debatable. First, counsel utterly failed to recognize that Judge Grady's supplemental jury instruction violated the First Amendment under Ashcroft v. Free Speech Coalition, 535 U.S. 234, 257-258 (2002). Whether that failure was due to counsel's lack of knowledge of the holding in Free Speech Coalition or due to

counsel's failure to sufficiently research the implications of the Supreme Court's opinion in <u>Free Speech Coalition</u> interpreting the First Amendment, counsel's failure can not be attributed to reasonable trial or appellate strategy. Trial counsel should have objected to the supplemental jury instruction and brought to Judge Grady's attention to the instruction's unconstitutionality under the First Amendment as interpreted by <u>Free Speech Coalition</u>, and appellate counsel should have argued on appeal that the instruction violated the First Amendment based on <u>Free Speech Coalition</u>. Second, trial and appellate counsel should have argued that the supplemental jury instruction violated Carani's constitutional rights protected by the Grand Jury and Due Process Clauses of the Fifth Amendment as illustrated in Part III.A.. Third and finally, trial and appellate counsel competely failed to argue both in the district court and at the court of appeals on appeal that the "ostrich" instruction should not have been given to the jury because the evidence presented at trial created a "binary choice" for the jury. See, e.g., <u>United States v. Giovannetti</u>, 919 F.2d 1223, 1228-1229 (7th Cir. 1990) (finding the "ostrich" instruction was erroneously given), and <u>United States v. Craig</u>, 178 F.3d 891, 895-899 (7th Cir. 1999). In this case, the jury was faced with a "binary choice." Section 2252A(a)(5)(B) of Title 18 of the United States Code requires the defendant to know (i) that he possesses an object containing a visual depiction of child pornography and (ii) that the visual depiction is in fact child pornography. Accordingly, a jury can not convict a defendant under Section 2252A(a)(5)(B) if it does not find the defendant acted with the requisite state of mind—in

other words, the jury must find the defendant knowingly possessed an object containing a visual depiction which he knew was child pornography. The statute, in conjunction with the evidence adduced at trial, required the jury in this case to make a choice between Carani's actual knowledge of the visual depiction's contents and his complete innocence of the crime charged in the indictment.

> [Facts that require a jury to determine whether the defendant had actual knowledge or was completely innocent] do not require the jury to determine if [the defendant] had hidden his head in the sand. [Citing Giovannetti, 919 F.2d at 1228.] In such cases, an ostrich instruction should not be given because it will most likely confuse the jury and create the potential for a guilty verdict based not on the defendant's actual knowledge or the defendant's deliberate avoidance, but rather upon what the jury concludes he should have known.

Craig, 178 F.3d at 898. Consequently, because the jury was required to choose between Carani's actual knowledge of the visual depiction's contents and his complete innocence of the crime, the "ostrich" instruction should not have been given to the jury, especially in light of Judge Grady's supplemental jury instruction. But, counsel failed to argue the erroneousness of giving the "ostrich" instruction, and in doing so provided ineffective assistance to Carani. Moreover, the counsel's deficient performance prejudiced Carani because, but for counsel's errors, the result would have been different. Therefore, this Court's resolution of Carani arguments regarding counsel's deficient and prejudicial performance is debatable among reasonable jurists, and he asks this Court to issue a COA.

### IV.

For the foregoing reasons, Carani respectfully asks this Court

either to issue a COA for whether the supplemental jury instruction violated his constitutional rights and whether counsel rendered ineffective and constitutionally deficient assistance which was prejudicial to him or, alternatively, to provide any other relief this Court deems appropriate and in the interests of justice.

Respectfully Submitted on the 17 day of July of 2008.

*/s/ Fabio Carani*
Fabio Carani, pro se

### CERTIFICATE OF SERVICE

I, Fabio Carani, hereby declare and certify under the penalty of perjury, pursuant to 28 USC §1746, that the foregoing Motion was sent to:

> Office of the United States Attorney
> 219 South Dearborn Street
> 5th Floor
> Chicago, Illinois 60604

by affixing it with the correct amount of prepaid, first-class postage and depositing it in the legal mail system at the Federal Correctional Institution at Ashland, Kentucky, for delivery to the intended recipient by the United States Postal Service.

Executed on the 17 day of July of 2008.

*/s/ Fabio Carani*
Fabio Carani, pro se
Reg. No.: 21827-424
Federal Correctional Institution
P.O. Box 6001
Ashland, Kentucky 41105-6001